# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **ARNOLD B. CURTIS** | **CIVIL ACTION NO. 3:12-cv-1870** |
| **LA. DOC #327401** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN JOHNNY SUMLIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Pro se petitioner Arnold B. Curtis, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on July 6, 2012.  Petitioner attacks his conviction for possession with intent to distribute cocaine on May 20, 2010, in the Fourth Judicial District Court, under Docket Number 08-F-2394.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed successive and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings in accordance with the provisions of 28 U.S.C. §2244(b).

### *Background*

Petitioner was charged with various felony offenses in the matter docketed as State of Louisiana v. Arnold B. Curtis, Docket No. 08-F-2394 of the Fourth Judicial District Court, Ouachita Parish.  He ultimately pled guilty to a charge of possession with intent to distribute cocaine on May 20, 2010, and was sentenced to serve 10 years at hard labor.  On October 24, 2011, he filed a petition for writ of habeas corpus in this Court alleging (1) that he was denied his

right to an out-of-time appeal; and (2) that his attorney rendered ineffective assistance when he failed to reserve the right to appeal the denial of a motion to suppress as part of the plea agreement. *See Arnold B. Curtis vs. Johnny Sumlin*, Civil Action No. 3:11-cv-1882 at Doc. 1 (petition). On March 9, 2012, the undersigned recommended summary dismissal of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because it was clear from the pleading and exhibits, namely the transcript of the plea colloquy, that petitioner waived his right to seek further review of the denial of his motion to suppress or to otherwise seek review of his plea and sentence when he accepted the plea agreement and pled guilty as charged to the offense of conviction. [*Id*., at Doc. 6] Notwithstanding petitioner's objection [*Id*., at Doc. 7], on May 10, 2012, United States District Judge Robert G. James adopted the recommendation and ordered the dismissal of the petition with prejudice pursuant to Rule 4 and denial of a Certificate of Appealability. [*Id*., Docs. 8, 9, and 10] Petitioner did not appeal.

Instead, on July 6, 2012, he filed the instant petition. Once again, petitioner attacks his 2010 guilty plea and conviction in case number  08-F-2394 of the Fourth Judicial District Court, Ouachita Parish this time claiming that (1) his detention and arrest were the result of racial profiling; (2) his arrest and subsequent booking were unlawful; (3) he received ineffective assistance of counsel; (4) the state erred in denying his motion to suppress; (5) that he was denied the opportunity to reserve issues for appeal when he entered his plea; (6) that the "State withheld crucial inculpatory testimony [of] Sheriff Royce Toney, as a person who [helped] in his apprehension;" and, (7) he was never properly arraigned. [Doc. 1-2]

2

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998).   However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.*   Furthermore, the Fifth Circuit has determined that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).   Under this approach, the key issue is whether or not the first petition was adjudicated on the merits. Petitioner's first petition for *habeas corpus* was adjudicated on the merits and dismissed with prejudice. The claims raised in the instant petition could have been raised in the earlier petition. In other words, this petition is clearly successive.

Before a *habeas* petitioner may file a second or successive application in the district court, he must first obtain authorization from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).   A review of the Fifth Circuit's PACER case index reveals that petitioner has neither applied for nor received such authorization.   Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v.*

3

*Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

*In re Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate.  *Epps* does not mandate the transfer of successive *habeas corpus* petitions to the Fifth Circuit; it does, however, imply that transfer may be appropriate in some cases, and it adopts a procedure to be used when a successive petition filed without prior authorization is transferred to the court of appeals by the district court. *Id.* Transfer of this case is appropriate and authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's second and successive *habeas* petition until such time as the Court of Appeals authorizes such a filing.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus*  be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

4

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, September 11, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

5